# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **BRADFORD L. JACKSON** )<br>)<br>  **Plaintiff,** )<br>) Civil Action No. 1:11-CV-2735<br>**v.** )<br>)<br>**METSCHECK, INC. AND** )<br>**FIRST COMMUNITIES** )<br>**MANAGEMENT, INC.** )<br>)<br>  **Defendants.** )<br>) | |

# ORDER GRANTING
# MOTION FOR PRELIMNARY APPROVAL OF CLASS ACTION
# <u>SETTLEMENT AND RELATED ORDERS</u>

WHEREAS Plaintiff Bradford Jackson, Individually and as Class Representative on Behalf of All Similarly Situated Persons and three proposed Settlement Classes, and Defendants Metscheck, Inc. and First Communities Management, Inc. as defined in paragraph II.18. of the Settlement Agreement ("Settlement") filed in this action, acting by and through their respective Counsel, have agreed, subject to Court approval, to settle this litigation upon the terms and conditions stated in the Settlement filed with the Court on September 10, 2012, and

attached as Exhibit 1 to the concurrently filed Declaration of Craig C. Marchiando; and,

WHEREAS Plaintiff and Defendants have provided notice of the Proposed Settlement to all appropriate federal and state governmental officials as required by 28 U.S.C. § 1715 (b).

NOW, THEREFORE, based upon the Settlement and other papers on file in this action, statements of counsel, testimony presented, and all other proceedings herein, and it appearing to the Court that a hearing should be held to determine whether the Proposed Settlement described in the Settlement Agreement is fair, reasonable, and adequate;

IT IS HEREBY ORDERED THAT:

1. To the extent defined in the Settlement which is attached hereto as Exhibit 1 to the Marchiando Declaration and incorporated herein by reference, the terms in this Order shall have the meanings set forth therein.

2. Pursuant to the Stipulation and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for purposes of determining whether the terms of the Proposed Settlement should be finally approved as fair, reasonable, and adequate,

the following Settlement Classes are conditionally certified for settlement purposes only.

    a.    The 1681k Notice Class is defined as:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a Metscheck consumer report furnished to a third party (b) that contained at least one record of a criminal conviction or arrest, civil lien, bankruptcy, or civil judgment (c) that was furnished to a third party to make an employment decision (d) within five years preceding the filing of this action and during its pendency, and (e) to whom Metscheck did fail to mail (place in the United States mail postage pre-paid) to the subject of the report a written notice that it was furnishing the subject report on the day it furnished the report.

    b.    The FCRA Obsolete Information Class is defined as:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a Metscheck consumer report; (b) that contained at least one record of (i) cases under Title 11 of the Bankruptcy Act that, from the date of entry of the order for relief or the date of adjudication, whichever is applicable, predates the report by more than ten years, (ii) civil suits, civil judgments, and records of arrest that, from the date of entry, predate the report by more than seven years or until the governing statute of limitations has expired, whichever period is longer (iii) paid tax liens which, from date of payment, predate the report by more than seven years, (iv) accounts placed for collection or charged to profit and loss which predate the report by more than seven years, or (v) any type of criminal history information (other than a criminal conviction) that predates the report by more than seven years; (c) that was furnished for an employment

purpose for a position for which the annual salary is less than $75,000; and (d) within five years preceding the filing of this action and during its pendency.

      c.      The First Communities Class is defined as:

All employees or prospective employees of First Communities residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which First Communities used to make an employment decision regarding such employee or prospective employee during the FCRA statute of limitations period, 15 U.S.C. § 1681p, against whom First Communities took an adverse action based in whole or in part on information contained in the consumer report before providing the applicant or employee a copy of the consumer report and statutory disclosures required by the FCRA, 15 U.S.C. § 1681b.

3. The Court expressly reserves the right to determine, should the occasion arise, whether the Action may be certified as a class action for purposes other than settlement, and Defendants retain all rights to assert that the Action may not be certified as a class action except for settlement purposes.

4. The Settlement Classes are sufficiently numerous that joinder is not practicable. The 1681k Notice Class numbers 515 individuals, the FCRA Obsolete Information Class numbers 125 individuals, and the First Communities Class numbers 48 individuals. There are questions of law and fact—such as whether First Communities failed to follow the Fair Credit Reporting Act's strictures before

taking adverse employment actions against Class Members, and whether Metscheck provided notice of adverse information at the time it reported that information to employers—that are common to the Settlement Classes and predominate over any individual questions; and the claims of the Class Representative are typical of the claims of the members of the Settlement Classes.

5. The proposed Class Representative will fairly and adequately protect the interests of the Settlement Classes. He has retained counsel who, collectively, have the experience and resources necessary to provide adequate representation of the Settlement Class and meet the requirements of Rule 23(g)(1).

6. Plaintiff Bradford Jackson is preliminarily appointed as representative of the Settlement Class ("Class Representative"), and the following attorneys for Plaintiffs are preliminarily appointed as counsel for the Settlement Classes ("Class Counsel"):

> Michael A. Caddell
> Cynthia B. Chapman
> Craig C. Marchiando
> CADDELL & CHAPMAN
> 1331 Lamar, Suite 1070
> Houston TX  77010
> Telephone: (713) 751-0400
> Fax: (713) 751-0906

If final approval of the Proposed Settlement is not granted, this Order, including

the above description of the Settlement Classes and the preliminary appointment of the Class Representatives and Class Counsel, shall be automatically vacated. If the Settlement is terminated or is disapproved in whole or in part by this Court, any appellate court and/or any other court of review, the Settlement and the fact that it was entered into shall not be offered, received, or construed as an admission or as evidence for any purpose, including the "certifiability" of any class.

7. Pending a final determination whether the Proposed Settlement should be approved as fair, reasonable, and adequate, neither Plaintiff nor any potential Class Member, whether directly, indirectly, representatively or in any other capacity, shall start, join, continue, litigate, or participate in or accept any benefit or relief from any other lawsuit, arbitration, or administrative or regulatory proceeding against Defendants that is based on, relates to, or involves any of the claims, facts, circumstances, or subject matters of this Action or the Settlement.

8. The Parties have prepared two Class Notices which have been submitted to the Court and is attached as Exhibits A and B to Exhibit 1 of the Marchiando Declaration. As set forth herein, the Court has reviewed and approved the Class Notices.

9. As soon as practicable after the entry of this Order, Defendants shall make a reasonable search of their records to ascertain the name and last known mailing address of each member of the Settlement Classes. The last known address for potential Settlement Class Members will then be checked and updated via the U.S. Postal Service's change-of-address database. Defendants shall provide this information to Total Class Solutions, which the Court hereby appoints as the Settlement Administrator, who shall send a copy of the Class Notices by first-class mail to each potential Settlement Class Member so identified. The Settlement Administrator shall use its best efforts to complete the mailing of the Class Notice to potential Settlement Class members within thirty (30) days after the preliminary approval of the Proposed Settlement. The Class Notice will be substantially in the form attached to the Marchiando Declaration.

10. If any Class Notice mailed to any potential Settlement Class member in accordance with paragraph 9 is returned as undeliverable, then the Settlement Administrator shall perform a reasonable search for a more current name and/or address for the potential Settlement Class Member and (provided that a more current name and/or address can be found through such a search) re-send the returned Class Notice to the potential Settlement Class Member by first-class mail.

In the event that any Class Notice mailed to a potential Settlement Class Member is returned as undeliverable a second time, then no further mailing shall be required.

11. Prior to the Final Settlement Approval Hearing provided for in paragraph 14, below, the Settlement Administrator shall file with the Court a declaration confirming dissemination of the Class Notice in accordance with the terms of this Order.

12. The costs of providing and confirming the dissemination of the Class Notice as required by paragraphs 10 and 11 above, shall be paid as agreed in the Settlement.

13. The Court preliminarily finds that the dissemination of the Class Notice under the terms and in the format provided for in this Order constitutes the best notice practicable under the circumstances, is due and sufficient notice for all purposes to all person entitled to such notice, and fully satisfies the requirements of Rule 23(3) of the Federal Rules of Civil Procedure, the requirements of due process under the Constitution of the United States, and any other applicable law.

14. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Final Settlement Approval Hearing to determine the fairness,

reasonableness, and adequacy of the Proposed Settlement at 10:00 a.m., on November 28, 2012, in the United States District Court for the Northern District of Georgia, Atlanta Division, Courtroom 2108, 75 Spring St. S.W., Atlanta, GA 30303-3361, as set forth in the Class Notices. During the Final Settlement Approval Hearing, the Court will consider whether the Proposed Settlement described in the Settlement, including the proposed award of attorneys' fees, costs, and expenses to Class Counsel, should be approved as fair, reasonable, and adequate, and whether the Court should enter the proposed Final Judgment approving the Proposed Settlement and dismissing this Action, on the merits, with prejudice, and without leave to amend. Upon a showing of good cause, the Settlement Approval Hearing may be postponed, adjourned, or rescheduled by order of the Court without further notice to the members of the Settlement Class.

15. Potential Class Members who wish to exclude themselves from the Settlement Class must submit written requests for exclusion complying with the provision of and containing the information requested by the Class Notice. To be effective, such a request must be sent by first-class mail to Class Counsel at the address provided in the Class Notice and postmarked not later than fourteen (14) days before the date set for the Final Settlement Approval Hearing.

16. Prior to the Final Settlement Approval Hearing, the Settlement Administrator shall file with the Court and serve upon Counsel a declaration reporting the number and status of any requests for exclusion.

17. Potential Class Members who submit timely and valid requests for exclusion in the manner set forth in the Class Notice and the Settlement shall be excluded from the applicable Settlement Classes. Such persons shall have no rights under the Proposed Settlement, shall not share in any distribution of funds under the Proposed Settlement, and shall not be bound by the Proposed Settlement or by any Final Judgment approving the Proposed Settlement.

18. All members of the Settlement Classes, and their heirs, estates, trustees, executors, administrators, principals, beneficiaries, assigns, and successors, who do not request exclusion in the manner set forth in the Class Notice and Stipulation shall be bound by any Final Judgment entered pursuant to the Settlement, and conclusively deemed to have fully released, acquitted, and forever discharged, to the fullest extent permitted by law, all of the Released Parties from the Released Claims, and will not institute, maintain, or assert any claims against the Released Persons on the Released Claims. All members of the Settlement Classes, unless and until they have timely excluded themselves from

the Settlement Classes pursuant to the terms established under paragraph 15 above are enjoined from filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims; all members of the Settlement Classes are enjoined from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any members of the Settlement Class who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims; and/or all members of the Settlement Classes are enjoined from attempting to effect an opt-out of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or Released Claims.

19. Class Members who do not request exclusion from the Settlement Class may object to the Proposed Settlement. Class Members who choose to object to the Proposed Settlement ("Objector") must file written notices of intent to object. Any Class Member may appear at the Settlement Approval Hearing, in person or by counsel, and be heard to the extent allowed by applicable Georgia and federal law, in opposition to the fairness, reasonableness, and adequacy of the Proposed Settlement, and on the application for an award of attorneys' fees and costs. The right to object to the Proposed Settlement must be exercised individually by an individual Class Member, not as a member of a group or subclass and, except in the case of a deceased or incapacitated Class Member, not by the act of another person acting or purporting to act in a representative capacity. To be effective, a notice of intent to object to the Proposed Settlement must be (1) filed with the Clerk of the Court not later than fourteen (14) days before the date set in the Class Notices for the Settlement Approval Hearing; (2) in compliance with all applicable Georgia and federal laws and rules; and (3) sent to Class Counsel by first-class mail, postmarked no later than fourteen (14) days before the date set in the Class Notices for the Settlement Approval Hearing.

      a.      If the Class Member submitting the objection is not represented by an attorney, the objection must contain: (1) your name, address, and telephone number; (2) the name of this Action and the case number; (3) a statement of each objection; and (4) a written brief detailing the specific basis for each objection, including any legal and factual support you wish to bring to the Court's attention and any evidence you wish to introduce in support of the objection

      b.      If the Class Member's objection is submitted through an attorney, the objection must contain, in addition to the information set forth in Paragraph 19.a.: (1) the identity and number of the Class Members represented by objector's counsel; (2) the number of such represented Class Members who have opted out of the Class; and (3) the number of such represented Class Members who have remained in the Class and have not objected.

      c.      If an objector's counsel will ask to be awarded attorneys' fees or expenses from a source other than his or her client, counsel will file with the Court and serve on all Counsel, in addition to the documents described in Paragraphs 19.a. and 19.b., not later than fifteen days before the Fairness Hearing, a document containing the following information: (1) a description of the attorney's legal background and prior experience in connection with class action

litigation, including all the previous cases in which the attorney has represented an objector to a class action settlement; (2) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (3) a statement regarding whether the fees being sought were calculated on the basis of a lodestar, contingency, or other method; (4) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (5) the attorney's hourly rate.

        d.    Finally, all objectors must make themselves available for deposition by Counsel for the Parties in Atlanta, Georgia, between the time the objection is filed and the Fairness Hearing, and the objection must include dates when the objector is available for this deposition.

    20.    Class Counsel agrees, and the Court finds, that any representation, encouragement, solicitation, or other assistance, including but not limited to referral to other counsel, to any person seeking exclusion from the Settlement Class, or any other person seeking to litigate against Defendants over any of the Released Claims in this matter, prior to the Final Approval Hearing, could place Class Counsel in a conflict of interest with the Settlement Classes. Accordingly, Class Counsel agree not to represent, encourage, solicit, or otherwise assist in any

way whatsoever, including but not limited to referrals to other counsel, any person in requesting exclusion from the Settlement Classes.

21. The Court finds the Proposed Settlement and all of its terms to be fair, just, equitable, and in the best of the Class Members. The Court hereby preliminarily approves the Proposed Settlement under Rule 23(e) of the Federal Rules of Civil Procedure. However, it is not to be deemed an admission of liability or fault by Defendants or by any other person, or a finding of the validity of any claims asserted in the litigation, of any wrongdoing or of any violation of law by Defendants, or an admission by Defendants that the Action is or should be certified as a class. The Proposed Settlement and any documents, attachments, or other materials submitted to the Court in furtherance of said Proposed Settlement, shall not be offered or received in evidence in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, as an admission or concession of liability or wrongdoing of any nature on the part of Defendants. In the event the Proposed Settlement is not finally approved for any reason, Defendants shall retain the right to object to the maintenance of the Action and/or any other case as a class action and to contest the Action and/or any other case on any grounds.

22. Upon a showing of good cause, the Court may extend any of the deadlines set forth in this Order without further notice to the Settlement Classes.

23. It is hereby ordered that this Action shall be stayed pending further proceedings in connection with the effectuation of the Proposed Settlement.

SO ORDERED, this the _____ day of _____, 2012.

_____
UNITED STATES DISTRICT JUDGE