IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRADFORD L. JACKSON,<br><br> PLAINTIFF,<br><br>V.<br><br>METSCHECK, INC. AND FIRST COMMUNITIES MANAGEMENT, INC.,<br><br> DEFENDANTS. | CIVIL ACTION NO. 1:11-CV-2735 |

<u>ORDER GRANTING PLAINTIFF'S
MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
AND RELATED ORDERS</u>

This matter comes before the Court on the parties' motion for final approval of this class action settlement. After a thorough review of the briefs, the record evidence, applicable law, and presentations by Counsel, the Court issues the following Order on all pending motions:

**I. Background**

 **A. Overview**

This putative class action arises from alleged violations of the Fair Credit Reporting Act ("FCRA") by the Defendants. Plaintiff alleges that he applied for

work at Defendant First Communities Management, Inc. ("FCM"), and that Defendant FCM purchased an employment-background report on Plaintiff from Defendant Metscheck, Inc. ("Metscheck") as part of its screening process. He alleges that neither Defendant complied with the FCRA, and that he was denied employment.

### B. Previous Rulings

By Order dated September 21, 2012 ("Preliminary Approval Order"), this Court conditionally certified the settlement classes, granted the motion for preliminary approval of class action settlement, and scheduled the hearing on final settlement approval. In that Order, this Court ordered that notice of the Settlement be published to the Class Members in accordance with the Preliminary Approval Order, and the process set forth in the Settlement Agreement.

In compliance with this Order, notice was published to the members of the classes, and all individual members of the classes were afforded an opportunity to opt out or to object. Notice and further information was published on a dedicated Settlement Website.

### C. Final Fairness Hearing

On November 28, 2012, the parties appeared at the final approval and fairness hearing represented by their attorneys of record. All persons present were given the opportunity to be heard. This Court has reviewed all of the pleadings, motions and papers filed in connection with the hearing.

## II. Findings of Fact and Conclusions of Law

The proposed Settlement having been presented, and having been fully considered by the Court, the Court makes the following findings of fact and conclusions of law:

1. This Court has subject matter jurisdiction over the claims at issue in this Action, as well as personal jurisdiction over the named parties and the classes.

2. The Preliminary Approval Order, which preliminarily approved the class action settlement, was appropriate and warranted under the circumstances.

3. The settlement classes should be certified pursuant to Rule 23 of the Rules of Civil Procedure. The settlement classes are defined as follows:

a.      The 1681k Notice Class is defined as:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a Metscheck consumer report furnished to a third party (b) that contained at least one record of a criminal conviction or arrest, civil lien, bankruptcy, or civil judgment (c) that was furnished to a third party to make an employment decision (d) within five years preceding the filing of this action and during its pendency, and (e) to whom Metscheck did fail to mail (place in the United States mail postage pre-paid) to the subject of the report a written notice that it was furnishing the subject report on the day it furnished the report.

b.      The FCRA Obsolete Information Class is defined as:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a Metscheck consumer report; (b) that contained at least one record of (i) cases under Title 11 of the Bankruptcy Act that, from the date of entry of the order for relief or the date of adjudication, whichever is applicable, predates the report by more than ten years, (ii) civil suits, civil judgments, and records of arrest that, from the date of entry, predate the report by more than seven years or until the governing statute of limitations has expired, whichever period is longer (iii) paid tax liens which, from date of payment, predate the report by more than seven years, (iv) accounts placed for collection or charged to profit and loss which predate the report by more than seven years, or (v) any type of criminal history information (other than a criminal conviction) that predates the report by more than seven years; (c) that was furnished for an employment purpose for a position for which the annual salary is less than $75,000; and (d) within five years preceding the filing of this action and during its pendency.

[4]

    c.    The First Communities Class is defined as:

All employees or prospective employees of First Communities residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which First Communities used to make an employment decision regarding such employee or prospective employee during the FCRA statute of limitations period, 15 U.S.C. § 1681p, against whom First Communities took an adverse action based in whole or in part on information contained in the consumer report before providing the applicant or employee a copy of the consumer report and statutory disclosures required by the FCRA, 15 U.S.C. § 1681b.

4. The settlement classes are sufficiently well-defined and cohesive to warrant certification as a class under Fed. R. Civ. P. 23(a) and 23(b)(3).

5. The claims of Bradford Jackson are typical of the claims of the claims of the other class members, in that they arose out of the same pattern of alleged misconduct which injured those class members.

6. Bradford Jackson is an adequate class representative whose interests are consistent with the interests of the class members.

7. Class Counsel have fairly and adequately represented the interests of the class members. In making that determination, the Court considered these factors: i) the work Class Counsel has done in identifying or investigating potential claims in this action; ii) Class Counsel's experience in handling

class actions, other complex litigation, and claims of the type asserted in this action; iii) Class Counsel's knowledge of the applicable law; and iv) the resources Class Counsel committed to representing the class.

8. Class Counsel have a wide range of experience with respect to complex and class action litigation. Class Counsel have demonstrated their familiarity with the claims and facts in this case, and have negotiated, at arms'-length, a fair, adequate, and reasonable settlement. The Court finds that the "adequacy of representation" requirements of Rule 23(a)(4) have been satisfied.

9. This case is manageable for settlement purposes with certification of the above defined classes. Class action resolution of the claims at issue is superior to individual litigation for the fair and efficient adjudication of the controversy, since individual litigation could be prohibitively expensive for unrepresented class members to pursue. See *Roper v. Consurve, Inc.*, 578 F.2d 1106, 1112 (5th Cir. 1978) (class certification appropriate where claims of a large number of individuals can be adjudicated at one time, with less expense than would be incurred in any other form of litigation).

10. The Settlement Classes are sufficiently numerous that joinder is not practicable. The 1681k Notice Class numbers 515 individuals, the FCRA Obsolete Information Class numbers 125 individuals, and the First Communities Class numbers 48 individuals. See *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546 (11th Cir. 1986) ("Although mere numbers are not dispositive, the Eleventh Circuit's general rule is that 'less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors")  The "numerosity" requirements of Rule 23(a)(1) are satisfied.

11. There are questions of law and fact—such as whether First Communities failed to follow the Fair Credit Reporting Act's strictures before taking adverse employment actions against Class Members, and whether Metscheck provided notice of adverse information at the time it reported that information to employers—that are common to the Settlement Classes and predominate over any individual questions; and the claims of the Class Representative are typical of the claims of the members of the Settlement Classes. *See Williams v. Mohawk Indus., Inc*. 568 F.3d 1350, 1355 (11thCir. 2009) ("Commonality requires that there be at least one

      issue whose resolution will affect all or a significant number of the putative class members"). The requirements of Rule 23(a)(3) and Rule 23(b)(3) are satisfied based upon the Court's analysis of the legal and factual issues in this action.

12. The proposed Class Representative has fairly and adequately protected the interests of the Settlement Classes. *See Landon v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1254 (11th Cir. 2004). He has retained counsel who, collectively, have the experience and resources necessary to provide adequate representation of the Settlement Class. The requirements of Rule 23(g)(1) have been met.

13. The Court finds that notice given to the settlement classes: (1) constitutes the best notice practicable under the circumstances; (2) is due and sufficient notice for all purposes to all persons entitled to such notice; and (3), and fully satisfies the requirements of Rule 23(3) of the Federal Rules of Civil Procedure, the requirements of due process under the Constitution of the United States, and any other applicable law.

14. The Court finds the Proposed Settlement and all of its terms to be fair, just, equitable, and in the best of the Class Members.

[8]

15. The terms of the Settlement Agreement are favorable to the Settlement Class.

16. The response of Settlement Class has been favorable. No Class Member has objected to or excluded himself from the settlement.

17. The Settlement avoids complex, expensive and prolonged litigation which could have disadvantaged all parties.

## CLASS REPRESENTATIVE INCENTIVE AWARD, ATTORNEYS' FEES, AND COSTS

18. The Parties agreed, pending Court approval, to a $2,500 incentive award for Class Representative Jackson, of which $1,000 would be paid from the First Communities settlement fund, and $1,500 would be paid separately by Metscheck. The Court agrees that incentive awards are a recognized and necessary part of class-action litigation. The Named Plaintiff here has been an active participant in this litigation, and has given the requisite attention to the case and his Counsel to warrant such an award. The award is therefore approved as contemplated in the Settlement Agreement.

19. The Parties negotiated attorneys' fees separately from the relief for the

Classes, part of which is to be paid from the First Communities fund and part separately by Metscheck. The requested portion of the First Communities fund, $9,930, represents thirty percent of that fund. The Metscheck portion of the fee, $75,000, results in a combined request of $84,930. Class Counsel has submitted declarations in support of their fee request, which establish that the requested fee is less than Counsel's accumulated lodestar for the case. Independently, the requested fee is less than thirty percent of the total relief available to Class Members.

20. The Court has examined Counsel's fee request, declarations in support, and the applicable law and concludes that the requested fee is reasonable and will be awarded.

21. The Settlement is an excellent one for the Classes, as it provides them with a genuine, immediate benefit in the form of a cash payment of roughly half of their potential damages without regard to actual harm. Further, the Settlement provides non-monetary relief unavailable under the FCRA, which results in additional value to Class Members and consumers who deal with Defendants in the future.

22. Counsel's lodestar is the result of hours reasonably expended on the

      investigation and litigation of this case, and is based on hourly rates commensurate with those of attorneys with similar levels of specialty, experience, and skill in class-action litigation. Based on the information contained in Counsel's declarations, the fee request, and the factors announced in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1978) and *Camden I Condominium Association, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991), the Court awards Counsel the requested amount of $84,930 as reasonable attorneys' fees in this case.

23. Counsel exhibited considerable skill in obtaining such a valuable settlement while expending a minimal amount of attorney time to the case. Counsel utilized associate attorney time where possible, further limiting the necessary fees incurred in pursuing the case. While the claims were not particularly novel, there is still a minimum amount of time and effort that are required to properly investigate claims, negotiate a settlement, conduct confirmatory discovery, and present the settlement to the Court for approval. Here, Plaintiff's Counsel investigated the claims before filing and early in the case, negotiated a settlement with Defendants, and conducted the requisite written and deposition discovery

[11]

to confirm that the settlement was fair, reasonable, and adequate for the Classes. This legal work must be done in any case, large or small, and is rightfully reimbursed. These factors favor granting the proposed fee request.

24. Taking on this matter prevented Plaintiff's Counsel from taking on other work, as assigning resources to this case necessarily means that those resources cannot be used elsewhere. Courts in similar, contingent-fee cases award fees in the range of thirty percent of the benefit gained for the class, and here the requested fee is less than thirty percent of those benefits.

25. Class Counsel is a nationally recognized class-action practitioner, and the skill it possess allowed this case to be settled on excellent terms for the Classes while simultaneously being economically pursued. The fee requested here adequately reflects the level of professionalism Class Counsel brought to bear on the case, and that professionalism is to be rewarded.

26. No Class Member has objected to any part of the Settlement, further supporting both final approval and the requested fee award. The universal

acceptance by Class Members warrants approval of Counsel's requested attorneys' fees.

27. Based on the request and these factors, the Court hereby awards Class Counsel attorneys' fees of $84,930.

28. Similarly, Counsel's requested expenses of $3,139.32 were reasonably incurred and will be awarded. Counsel conducted this case as economically as possible, minimizing expenses by agreeing to take discovery by affidavit as opposed to deposition and, where one deposition was necessary, took that deposition telephonically to save travel expenses. The expenses incurred are of the type typically reimbursed in class-action cases, and will be reimbursed here.

29. The Court therefore awards Class Counsel its reimbursable expenses of $3,139.32, to be paid $1,300 from the First Communities fund and $1,839.32 separately by Metscheck.

30. Finally, the Parties have agreed that the Defendants shall pay the expenses of the Settlement Administrator pro rata, as follows: expenses attributable to the First Communities Class paid from the First Communities settlement fund; expenses attributable to the 1681k Notice

and FCRA Obsolete Information Classes paid separately by Metscheck. The Court, having preliminarily appointed the chosen administrator and approved the payment structure, orders that these expenses be paid as set forth in this Paragraph.

Therefore, it is hereby ORDERED, ADJUDGED and DECREED that: (a) the settlement is approved; (b) the settlement classes are certified; (c) Bradford Jackson is the representative of the settlement classes; (d) there are no objections from class members; (e) all claims against the Defendant's by class members who have not properly excluded themselves from the classes are dismissed with prejudice; (f) the incentive award for class representative Bradford Jackson is approved, (g) the expenses of the Settlement Administrator are to be paid as set forth herein; and (h) Class Counsel are awarded their reasonable attorneys' fees and expenses incurred as set forth above.

SO ORDERED, this the 31st day of December, 2012.

                      /s/Thomas W. Thrash
                      THOMAS W. THRASH, JR.
                      UNITED STATES DISTRICT JUDGE

JACKSON V. METSCHECK, INC. AND FIRST
COMMUNITIES MANAGEMENT, INC.
Northern District of Georgia, Atlanta Division
Civil Action File No. 1:11-CV-2735
*[Proposed] Order Granting Plaintiff's Motion
For  Final Approval of Class Action Settlement
and Related Orders*

[15]